# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| Lozano et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>John Does I-X; Jane Does I-X; ABC Partnerships I-X; DEF Limited Liability Companies I-X; and XYZ Corporations;<br><br>    Defendants. | Case No. 2:22-cv-03089 |

## MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENAS
## <u>PRIOR TO A RULE 26(F) CONFERENCE</u>

Pursuant to Fed. R. Civ. P. 26(d), Plaintiffs Alexandra Lozano, Angelyne Lisinski, Giulia Fantacci, and Lauren Eagan, hereby seek leave to serve third party subpoenas in advance of a Rule 26(f) conference to ascertain the identities of unknown defendants. A memorandum in support is set forth below.

Date: August 10, 2022

Respectfully submitted,

 /s/ Shawn J. Organ
Shawn J. Organ (0042052)
   *Trial Attorney*
Kirsten R. Fraser (0093951)
Ashley T. Merino (0096853)
**Organ Law LLP**
1330 Dublin Road
Columbus, Ohio 43215
614.481.0900
614.481.0904 (f)
sjorgan@organlegal.com
kfraser@organlegal.com
amerino@organlegal.com
*Attorneys for Plaintiffs*

**MEMORANDUM IN SUPPORT**

## Introduction

Plaintiffs Alexandra Lozano, Angelyne Lisinski, Giulia Fantacci, and Lauren Eagan (collectively, "Plaintiffs"), respectfully request that the Court grant them leave to serve third party subpoenas for written discovery and for depositions prior to a Fed. R. Civ. P. 26(f) conference by way of this motion ("Motion"). Plaintiffs seek this discovery in order to ascertain the identities of anonymous online harassers who have been defaming and otherwise tortuously damaging Plaintiffs on various social media platforms such as TikTok, Google, Facebook, and Instagram. Fed. R. Civ. P. 26(d) allows for this type of discovery upon a showing of good cause. Such good cause exists here, and therefore, Plaintiffs respectfully request the Court grant the instant motion and allow third party subpoenas to be served.

## Factual Background

### A. Plaintiffs Are the Target of a Two-Year Defamatory Harassment Campaign by Anonymous Online Detractors and Competitors.

As alleged in their Complaint, Plaintiffs are immigration attorneys who operate their own successful law firms. They each have specialized knowledge of Violence Against Women Act ("VAWA") visas and Victims of Trafficking in Person or "T" visas, which are misunderstood and underutilized. (Compl. ¶ 10). Each of Plaintiffs have continuously used trademarks in their practices for educational and marketing purposes. (*Id*. ¶¶ 11-23).

In or around August 2020, Plaintiffs became the target of a defamatory, discriminatory harassment campaign by anonymous individuals online (the "Doe Defendants"). (*Id.* ¶ 27). At the start, the Doe Defendants targeted Plaintiffs' accounts on the social media platform TikTok, Inc. ("TikTok"). (*Id.*) The campaign was aimed at disrupting Plaintiffs' ability to educate potential clients about VAWA and T visas, and prohibit Plaintiffs from marketing their services. The campaign also defamed Plaintiffs by painting their ethical and successful legal practices as

illegal and scams. The campaign escalated to the point where each of Plaintiffs were banned by TikTok at multiple times over the last year. (*Id.* ¶¶ 31-32, 34, 41, 46-47, 52).

Doe Defendants then spread their campaign to other social media platforms. (*Id.* ¶ 56). For example, Doe Defendants have reported marketing content, paid advertising, and organic posts on Facebook, and have spammed review websites such as Facebook and Google. (*Id.*).

Doe Defendants then escalated their attacks on Plaintiffs by creating imposter accounts on TikTok, Facebook, and Instagram. (*Id.* ¶ 57). These imposter accounts have contacted Plaintiffs' current and prospective clients and requested money, made defamatory comments, and used Plaintiffs' trademarks as a part of their campaign of harassment. (*Id.* ¶¶ 58-68).

### B. To Date, Plaintiffs Have Been Unable to Identify Their Anonymous Harassers.

Because the attacks have been conducted online, through third party platforms, and anonymously, Plaintiffs have been unable to ascertain the identities of their harassers. Plaintiffs have engaged platforms like TikTok in informal dispute resolution, but have not received any information relating to the identity of the Doe Defendants. The only way Plaintiffs can obtain the names of the individuals who are tortuously damaging Plaintiffs each day is through third party subpoenas.

### C. Plaintiffs Seek Limited Discovery Through Third Party Subpoenas for Documents and for Third Party Depositions.

Through this Motion, Plaintiffs seek the identifying information of the subscribers to Google, Facebook, and TikTok who have 1) reported Plaintiffs' content; 2) made false reviews; and 3) created fraudulent accounts. As for depositions, Plaintiffs seek leave to serve 24 subpoenas on individuals who are known to Plaintiffs, and who Plaintiffs believe are connected to the defamation and infringement campaign. Those depositions would be limited in scope, and

focused on determining the extent of those individuals' knowledge regarding the defamatory campaign, and their knowledge of the defamers' identities.

**Legal Standard**

Fed. R. Civ. P. 26(d) provides generally that discovery may not begin prior to the Rule 26(f) conference, but expedited discovery may be conducted prior to that conference when authorized by court order. Courts within the Sixth Circuit require a showing of good cause in order to authorize expedited discovery. *See TCYK, LLC v. Does 1-17*, No. 2:13-cv-535, 2013 WL 2665025, *1 (S.D. Ohio Jun. 12, 2013). Good cause exists where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party. *See Arista Records, LLC v. Does 1-15*, No. 2:07-CV-450, 2007 WL 5254326, *2 (S.D. Ohio Nov. 5, 2007) (quoting *Semitool, Inc. v. Tokoyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). Good cause is often found in cases alleging unfair competition. *See Arista Records,* 2007 WL 5254326 at *2 (citing *Quest Comm. Intern., Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003)). Finally, good cause is determined by the scope of the discovery request. *See Artista Records*, 2007 WL 5254325 at *2.

**Argument**

The Court should grant Plaintiffs' Motion because it meets all of the requirements for pre-Rule 26(f) conference discovery as articulated in the Sixth Circuit, and around the country. Specifically, courts regularly grant leave for pre-Rule 26(f) conference discovery to ascertain the identity of defendants in similar circumstances. Further, the requested discovery is the only means Plaintiffs have to determine the identities of their harassers. Last, the requested discovery is limited in scope. Accordingly, good cause exists for an order granting leave for Plaintiffs' to issue the requested third party subpoenas.

### A. Courts Regularly Grant Leave for Pre-Rule 26(f) Conference Discovery to Ascertain the Identity of Defendants in Similar Circumstances.

The Court should grant Plaintiffs' Motion because federal courts regularly permit plaintiffs to seek discovery prior to a Rule 26(f) conference in order to discovery defendants' identities. *See 20/20 Financial Consulting, Inc. v. Does 1-5*, Civil Action No. 10-cv-01006, 2010 WL 1904530, *1, (D. Colo. May 11, 2010) (finding good cause existed for pre-Rule 26(f) discovery where Defendants engaged in anonymous online behavior, and would likely remain anonymous unless Plaintiff were able to ascertain Defendants' identities through formal discovery procedures); *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d. 1, 6 (D.D.C. 2008) (finding good cause for pre-Rule 26(f) discovery because "[d]efendants must be identified before this suit can progress further"); *LaFace Records, LLC, et al v. Does 1-5*, No. 2:07-cv-187, 2007 WL 2867351, * (W.D. Mich. Sept. 27, 2007) (collecting cases, applying the "good cause" standard, and holding that "discovery to allow the [identification] of "Doe" defendants is "routine"). *See also Davis v. Kelly*, 160 F.3d 917 (2d Cir. 1998) (noting courts reject dismissal of suits until plaintiff has had an opportunity for discovery to learn the identities of responsible parties).

*20/20 Financial Consulting* is on all fours with the instant matter. In *20/20 Financial Consulting*, the plaintiff alleged that unknown "John Does" were posting false and defamatory messages about plaintiff on various internet weblogs and bulletin boards. *See* 2010 WL 1904530 at *1. While Plaintiffs had attempted to ascertain identities through pre-lawsuit investigation, their efforts had been unsuccessful. *Id.* Thus, the court concluded that the plaintiffs required the benefit of formal discovery mechanisms pursuant to Fed. R. Civ. P. 45 in order to identify the defendants. *Id.*

The same is true here. Plaintiffs are the victims of an ongoing defamation campaign that has involved false reporting of their social media posts, of posting defamatory reviews online, and of infringing on Plaintiffs' trademarks. Plaintiffs have been unable to identify the individuals responsible for the tortious attacks against them—the tortfeasors have waged their attacks in anonymity and to date their identities have been protected by Internet Service Providers such as Google, Facebook, and TikTok. Instead, Plaintiffs require the subpoena power of the Court to question individuals who are believed to be associated with the Doe Defendants, who are located nationwide, and to gain the identity of the individuals who made defamatory comments online. Because the facts are the same as in *20/20 Financial Consulting*, the result should be the same here, and Plaintiffs should be permitted to issue third party subpoenas to ascertain the identities of the defendants.

> **B.     The Third Party Subpoenas Requested Are the Only Means Plaintiffs Have of Identifying the Defendants.**

Plaintiffs can only identify their harassers through the requested subpoenas. Courts recognize that Internet providers protect their customers' privacy, and thus subpoenas to these third-party providers (like Google, Facebook, and TikTok) are the only means of obtaining subscribers' identifying information. *See Strike 3 Holdings, LLC v. Doe*, 21-CV-4080, 2012 WL 3159809, *2 (Jun. 28, 2021) (collecting cases, noting that without a third-party provider's cooperation, plaintiff would be unable to identify the defendant). Here, the Doe Defendants have made false reports directly to Google, Facebook, and TikTok, and created fraudulent accounts on these platforms that infringe on Plaintiffs' trademarks. Plaintiffs have been made aware of the false reports and fraudulent accounts, but Plaintiffs have no access to any information as to the Doe Defendants' identity. Similarly, Plaintiffs require subpoenas for depositions of specific individuals who are believed to either be a part of the harassing conspiracy, or have knowledge

6

of the individuals who have harassed and defamed Plaintiffs. These depositions will be tailored to discover the identities of the Doe Defendants. Without discovery from third party internet providers and without discovery from individuals that are connected to the Doe Defendants, it is impossible for Plaintiffs to seek redress for their injuries. Therefore, the Court should grant Plaintiffs' request for discovery. *See Malibu Media, LLC v. Doe*, No. 12 Cv. 2950, 2012 WL 5987854, *3 (S.D.N.Y Nov. 30, 2012) (finding that without discovery, case could not proceed).

    **C.    The Discovery Is Narrowly Tailored to Identify the Defendants.**

Plaintiffs are specifically tailoring their subpoenas to identify the defendants. As for written discovery, Plaintiffs seek the identifying information of the subscribers to Google, Facebook, and TikTok who have 1) reported Plaintiffs' content; 2) made false reviews; and 3) created fraudulent accounts. As for depositions, Plaintiffs seek leave to serve 24 subpoenas on individuals who are known to Plaintiffs, and who Plaintiffs believe are connected to the defamation and infringement campaign. Those depositions would be limited in scope, and focused on determining the extent of those individuals' knowledge regarding the defamatory campaign, and their knowledge of the defamers' identities. Because the pre-Rule 26(f) Conference discovery is limited in scope and aimed at identifying the Doe Defendants, the Court should find good cause exists, and grant Plaintiffs' requests.

## Conclusion

For the foregoing reasons, Plaintiffs respectfully request the Court grant Plaintiffs' Motion for Leave to Serve Third Party Subpoenas.

Date: August 10, 2022                              Respectfully submitted,

                                                                               /s/ Shawn J. Organ
                                                                              Shawn J. Organ (0042052)

> *Trial Attorney*
> Kirsten R. Fraser (0093951)
> Ashley T. Merino (0096853)
> Organ Law LLP
> 1330 Dublin Road
> Columbus, Ohio 43215
> 614.481.0900
> 614.481.0904 (f)
> sjorgan@organlegal.com
> kfraser@organlegal.com
> amerino@organlegal.com
>
> *Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 10, 2022, the foregoing was

electronically filed with the Clerk of Court using the CM/ECF system and was served on all counsel of record.

        /s/ Shawn J. Organ
*Attorney for Plaintiffs*