IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ALEXANDRA LOZANO, et al.,

    Plaintiffs,

  v.                                       Civil Action 2:22-cv-3089
                                            Chief Judge Algenon L. Marbley
                                            Magistrate Judge Kimberly A. Jolson

JOHN DOES I–X, et al.,

    Defendants,

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference (Doc. 1). For the following reasons, the Motion is **GRANTED**.

**I.    BACKGROUND**

Plaintiffs are four immigration attorneys who bring this suit against unknown Defendants. (Doc. 2, ¶¶ 1–5). Plaintiffs specialize in helping victims of human trafficking and domestic violence in obtaining visas to stay in the United States, and promote their services through their own websites, as well as through internet platforms, including Facebook, Instagram, and TikTok. (*Id.*, ¶¶ 10–26). They allege that numerous Defendants have engaged in a defamation campaign against them. (*Id.*, ¶¶ 27–72). In particular, Defendants purportedly made false reports that Plaintiffs were violating the platforms' community guidelines, which resulted in removal of their content and banning of their accounts, left false reviews of Plaintiffs' businesses online, misappropriated their trademarks to make imposter social media accounts and content, and harassed them with spam phone calls. (*Id.*). Plaintiffs now bring claims against Defendants for defamation, tortious interference, invasion of privacy, intentional infliction of emotional distress,

federal unfair competition under 15 U.S.C. § 1125(a)(1)(A), and civil conspiracy. (*Id.*, ¶¶ 73–113).

Yet Plaintiffs must first learn the identity of Defendants, who are alleged to have waged their defamatory campaign from behind anonymous online profiles. (Doc. 1 at 2). Accordingly, Plaintiffs move to invoke an exception to the general rule that discovery must not commence prior to the scheduling conference required by Federal Rule of Civil Procedure 26(f). (*Id.* at 1).

## II.  STANDARD

Federal Rule of Civil Procedure 26 dictates that a party generally may not seek discovery "before the parties have conferred as required by Rule 26(f)," except in limited circumstances, including when authorized by court order. Fed. R. Civ. P. 26(d). "Courts within the Sixth Circuit require a showing of good cause in order to authorize expedited discovery." *TCYK, LLC v. Does 1–17*, No. 2:13-cv-535, 2013 WL 2665025, at *1 (S.D. Ohio Jun. 12, 2013). Good cause exists where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party. *Arista Records, LLC v. Does 1-15*, No. 2:07-CV-450, 2007 WL 5254326, at *2 (S.D. Ohio Nov. 5, 2007) (quoting *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). Good cause is often found in cases alleging unfair competition. *Id.*, at *2 (citing *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003)). Finally, good cause is determined by the scope of the discovery request. *Id.*, at *2 (citing *Qwest*, 213 F.R.D. at 420).

## III.  DISCUSSION

The Court finds that Plaintiffs have demonstrated good cause for expedited discovery. First, Plaintiffs assert an unfair competition claim against Defendants for misappropriation of their trademarks. This type of claim generally supports a finding of good cause. *Id.*, at *3.

Second, only the internet platforms on which the alleged conduct occurred can identify

Defendants. This too favors a finding of good cause. *Id.*, at *3; *20/20 Fin. Consulting, Inc. v. Does 1–5*, No. 10-cv-01006, 2010 WL 1904530, at *1. Without knowing the identity of Defendants, Plaintiffs cannot satisfy their initial obligations in this litigation, including service. *Arista Records*, 2007 WL 5254326, at *2 (citing Fed. R. Civ. P. 4(m)). Particularly where, as here, Defendants have engaged in anonymous online behavior, the likelihood of Plaintiffs identifying them without the aid of discovery mechanisms is low. *20/20 Fin. Consulting*, 2010 WL 1904530, at *1. Indeed, Plaintiffs' efforts to identity Defendants have been unsuccessful. (Doc. 1 at 6). And, without a subpoena, the internet platforms will continue to protect any identifying information. *See, e.g., Strike 3 Holdings, LLC v. Doe*, No. 21-CV-4080, 2021 WL 3159809, at *2 (S.D.N.Y. June 28, 2021); *Digital Sin, Inc. v. Does 1–27*, No. 12 Civ. 3873, 2012 WL 2036035, at *4 (S.D.N.Y. June 6, 2012).

Finally, the scope of the requested discovery is sufficiently narrow. Plaintiffs request from the internet platforms only the identifying information of users who reported their content, left false reviews, and created imposter accounts. (Doc. 1 at 7). Additionally, they wish to engage in depositions of individuals suspected of being involved in the campaign, but only to determine "the extent of those individuals' knowledge regarding the defamatory campaign, and their knowledge of the defamers' identities." (*Id.*). The limited scope of the requested discovery supports a finding of good cause.

Simply put, Plaintiffs have an immediate need for discovery, and that need outweighs any potential prejudice to the responding parties. Good cause therefore supports their motion.

### IV. CONCLUSION

Based on the foregoing, Plaintiffs' Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference (Doc. 1) is **GRANTED**. Plaintiffs may serve immediate discovery

consistent with this Opinion and Order.

IT IS SO ORDERED.


Date:  August 12, 2022         /s/ Kimberly A. Jolson
                                KIMBERLY A. JOLSON
                                UNITED STATES MAGISTRATE JUDGE