# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| LOZANO ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> JOHN DOES I-X; JANE DOES I-X; ABC PARTNERSHIPS I-X; DEF LIMITED LIABILITY COMPANIES I-X; AND XYZ CORPORATIONS; <br><br> Defendants. | Case No. 2:22-cv-03089 |

## MOTION FOR LEAVE TO VOLUNTARILY WITHDRAW PLAINTIFF EAGAN

Pursuant to Fed. R. Civ. P. 21, Plaintiffs Alexandra Lozano, Angelyne Lisinski, Giulia Fantacci, and Lauren Eagan, hereby move to withdraw Plaintiff Lauren Eagan from this action. A memorandum in support is set forth below.

Date: August 23, 2022

Respectfully submitted,

/s/ Kirsten R. Fraser
Shawn J. Organ (0042052)
  *Trial Attorney*
Kirsten R. Fraser (0093951)
Ashley T. Merino (0096853)
**ORGAN LAW LLP**
1330 Dublin Road
Columbus, Ohio 43215
614.481.0900
614.481.0904 (f)
sjorgan@organlegal.com
kfraser@organlegal.com
amerino@organlegal.com
*Attorneys for Plaintiffs*

**MEMORANDUM IN SUPPORT**

**Introduction**

Plaintiffs Alexandra Lozano, Angelyne Lisinski, Giulia Fantacci, and Lauren Eagan (collectively, "Plaintiffs"), respectfully request that the Court grant their motion to withdraw Eagan as a Plaintiff pursuant to Fed. R. Civ. P. 21. Rule 21 allows the Court to add or drop a party to an action at any time "on just terms." Just terms exist here because Eagan's withdrawal will not prejudice any defendant, as the defendants in this action are still unknown, discovery has not yet begun, and all claims in the Complaint (ECF No. 2) remain active.

In evaluating dismissal under Rule 21, the Court must consider "whether allowing withdrawal would be unduly prejudicial to the nonmoving party." *Wilkerson v. Brakebill*, No.: 3:15-CV-435-TAV-CCS, 2017 WL 401212, *2 (E.D. Tenn. Jan. 30, 2017) (quoting *Arnold v. Heyns*, No. 13-14137, 2015 WL 1131767, *4 (E.D. Mich. Mar. 11, 2015). Determining prejudice involves examining the following: "(1) defendant's effort and expense of preparation for trial; (2) excessive delay and lack of diligence on plaintiff's part in prosecuting the case; (3) insufficient explanation for the need for dismissal; and (4) whether a motion for summary judgment is pending." Mullins v. C.R. Bard, Inc., No. 0:19-CV-85-JMH-EBA, 2020 WL 4288400, at *2 (E.D. Ky. July 27, 2020) (quoting *Grover v. Eli Lily & Co.*, 33 F.3d 716, 718 (6th Cir. 1994).

Each of these factors weigh in favor of allowing Eagan to withdraw. As to factors (1) and (4), this case is in its infancy, and no defendants' identity has been determined yet; thus no defendant has spent time preparing for trial, and no summary judgment motion is pending. Regarding factor (2), remaining Plaintiffs have not delayed in prosecuting the case, and plan on serving subpoenas pursuant to the Court's Opinion and Order on Plaintiffs' Motion for Leave to

Serve Third Party Discovery (ECF No. 5) this week. Last, regarding factor (3), Eagan has determined it is in hers, and Plaintiffs' best interests to withdraw from this matter before discovery is served and expenses are incurred. All claims asserted in the Complaint remain the same. Accordingly, all factors weigh in favor of granting the instant motion.

    Therefore, Plaintiffs respectfully request the Court grant Plaintiffs' request to voluntarily withdraw Eagan as a Plaintiff in this action.

Date: August 23, 2022

Respectfully submitted,

/s/ Kirsten R. Fraser
Shawn J. Organ (0042052)
  *Trial Attorney*
Kirsten R. Fraser (0093951)
Ashley T. Merino (0096853)
Organ Law LLP
1330 Dublin Road
Columbus, Ohio 43215
614.481.0900
614.481.0904 (f)
sjorgan@organlegal.com
kfraser@organlegal.com
amerino@organlegal.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 23, 2022, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system and was served on all counsel of record.

    /s/ Kirsten R. Fraser
*Attorney for Plaintiffs*