# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| LOZANO ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> JOHN DOES I-X; JANE DOES I-X; ABC PARTNERSHIPS I-X; DEF LIMITED LIABILITY COMPANIES I-X; AND XYZ CORPORATIONS; <br><br> Defendants. | Case No. 2:22-cv-03089 |

### MOTION FOR EXPEDITED RULING ALLOWING LIMITED DOCUMENT DISCOVERY IN CONJUNCTION WITH PERMITTED DEPOSITIONS

In connection with Plaintiffs Alexandra Lozano, Angelyne Lisinski, and Giulia Fantacci's previously granted Motion for Leave to Serve Subpoenas in advance of Rule 26(f) conference (ECF No. 1; ECF No. 5), Plaintiffs hereby seek leave to serve limited document requests on third party deposition witnesses to ascertain the identities of unknown defendants pursuant to Fed. R. Civ. P. 26(d). Plaintiffs respectfully request an expedited ruling on the matter, as Plaintiffs are in the midst of serving subpoenas to expeditiously determine the identities of the defendants, and are currently facing two motions to quash—one in Texas and one in Washington. (*See*, *e.g.*, ECF No. 8). Further, this motion is ripe for consideration, as no defendants have been identified yet. A memorandum in support is set forth below.

Date: October 13, 2022

Respectfully submitted,

/s/ Kirsten R. Fraser
Shawn J. Organ (0042052)
  *Trial Attorney*
Kirsten R. Fraser (0093951)
Ashley T. Merino (0096853)
**ORGAN LAW LLP**

1330 Dublin Road
Columbus, Ohio 43215
614.481.0900
614.481.0904 (f)
sjorgan@organlegal.com
kfraser@organlegal.com
amerino@organlegal.com
*Attorneys for Plaintiffs*

**MEMORANDUM IN SUPPORT**

**Introduction**

Plaintiffs Alexandra Lozano, Angelyne Lisinski, and Giulia Fantacci (collectively, "Plaintiffs"), respectfully request that the Court grant them leave to serve document requests with third party subpoenas for depositions prior to a Fed. R. Civ. P. 26(f) conference by way of this motion ("Motion"). Plaintiffs seek this discovery in order to ascertain the identities of anonymous online harassers who have been defaming and otherwise tortuously damaging Plaintiffs on various social media platforms such as TikTok, Google, Facebook, and Instagram. Fed. R. Civ. P. 26(d) allows for this type of discovery upon a showing of good cause. Such good cause exists here, and therefore, Plaintiffs respectfully request the Court grant the instant motion and allow the document requests to be served with deposition subpoenas on third parties.

**Relevant Background and Updates**

As described in Plaintiffs' Motion for Leave to Serve Subpoenas, Plaintiffs are immigration attorneys who have been the target of an over two-year defamatory harassment campaign by anonymous online detractors and competitors. (Mot. for Leave to Serve Subpoenas, ECF No. 1, PAGEID #2-3). The campaign has been coordinated and organized from the start. (*Id.*)

Previously, Plaintiffs moved this Court for leave to file subpoenas on certain Internet providers including Google, Facebook and TikTok. (*Id.* at PAGEID #6). Plaintiffs also requested the subpoena power of the Court to question individuals identified to be associated with the unidentified defendants. (*Id.*). Plaintiffs noted that the depositions associated with those subpoenas would be limited in scope, and focused on determining the extent of those individuals' knowledge regarding the defamatory campaign, and their knowledge of the

defamers' identities. (*Id.* at PAGEID #3-4). This Court granted Plaintiffs leave to serve third party discovery on August 12, 2022. (Doc. No. 5).

In compliance with the Court's Order, Plaintiffs served subpoenas on Meta and Google, and served subpoenas on two individuals: Jennifer Scarborough, who resides in Texas, and Stefania Ramos Birch, who resides in Washington. The subpoenas to Scarborough and Birch included targeted requests for communications that would reveal the identities of the Doe Defendants. (*See* Subpoena to J. Scarborough, Aug. 22, 2022, attached as Exh. A, hereinafter "Scarborough Subpoena"; Subpoena to S. Birch, Aug. Sept. 13, 2022, attached as Exh. B).

Scarborough filed a Motion to Quash on Sept. 19, 2022 after negotiations between counsel regarding the topics and scope of deposition and document requests failed. (*See* Mot. to Quash, Sept. 19, 2022, attached as Exh. C, hereinafter "Scarborough Motion"). In that Motion to Quash, Scarborough presented a unique argument: that the Subpoena was invalid because the Southern District of Ohio did not have personal jurisdiction over her. (Exh. C at 13-17). Meanwhile, counsel for Plaintiffs had served Birch with a subpoena, and had had several discussions in which Birch indicated she would comply with the subpoena, but needed accommodations for her pregnancy, which counsel readily granted. Then, without notice, Birch filed a Motion to Quash in the Western District of Washington. (*See* Mot. to Quash, Sept. 30, 2022, attached as Exh. D, hereinafter "Birch Motion"). The Birch Motion is virtually identical to the Scarborough Motion, particularly as it presents the same personal jurisdiction argument, with the same wording and citations.

Plaintiffs have become aware that in a private Facebook group, this Motion to Quash is being circulated as a tool against the "*arreglar sin salir*" lawyers—in other words the Plaintiffs. (*See* Screenshot, attached as Exh. E). These identical motions, supported by this Screenshot,

2

show that the Plaintiffs are the target of coordinated resistance, and that these communications take place, in part, over Facebook through its direct messaging feature.  Though Plaintiffs believe that the Court's Order permitted document discovery on individuals, as document requests frequently accompany third party subpoenas, to be sure, and to be in compliance with this Court's Orders, Plaintiffs are seeking explicit authorization from the Court to make limited document requests to third party deponents in order to identify the defendants responsible for the defamation campaign described in the Complaint.

## **Legal Standard**

Fed. R. Civ. P. 26(d) provides generally that discovery may not begin prior to the Rule 26(f) conference, but expedited discovery may be conducted prior to that conference when authorized by court order.  Courts within the Sixth Circuit require a showing of good cause in order to authorize expedited discovery.  *See TCYK, LLC v. Does 1-17*, No. 2:13-cv-535, 2013 WL 2665025, *1 (S.D. Ohio Jun. 12, 2013).  Good cause exists where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.  *See Arista Records, LLC v. Does 1-15*, No. 2:07-CV-450, 2007 WL 5254326, *2 (S.D. Ohio Nov. 5, 2007) (quoting *Semitool, Inc. v. Tokoyo Electron Am.*, *Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).  Good cause is often found in cases alleging unfair competition.  *See Arista Records,* 2007 WL 5254326 at *2 (citing *Quest Comm. Intern., Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003)).  Finally, good cause is determined by the scope of the discovery request.  *See Artista Records*, 2007 WL 5254325 at *2.

**Argument**

The Court should grant Plaintiffs' Motion because it is necessary to identify the identities of Plaintiffs' harassers, is limited in scope, and does not prejudice any responding party, because there is no responding party. As such, good cause exists for Plaintiffs' request.

    A.    **The Third Party Subpoenas Requesting Documents Are Necessary to Identifying the Defendants.**

Plaintiffs need limited document discovery to identify their harassers. First, it is clear that the individuals already subpoenaed are acting in the same manner as the Doe Defendants, and are coordinating a stonewalling effort against the Plaintiffs. The tactics Scarborough and Birch are using are very similar to the tactics employed against Plaintiffs that are described in the Complaint. Specifically, a group of individuals that include Scarborough and Birch are communicating with each other, in part over Facebook through its direct messaging feature, to block Plaintiffs' discovery into the identity of the harassers. Plaintiffs need to see communications that refer to or regard the Plaintiffs from the individuals they are deposing so that they can identify who is behind the conspiracy.

Plaintiffs cannot obtain these communications from a third party, such as the Internet service providers due to the Stored Communications Act (the "SCA"). The SCA, 18 U.S.C. §§ 2701 *et seq.* prevents Internet providers like Meta and Google from disclosing the contents of these type of communications. Thus, while Plaintiffs are turning to those companies to identify individuals who have reported them, the *content* of those reports, and the *content* of the messages coordinating the defamatory conspiracy must come from the users themselves. Therefore, Plaintiffs have to engage in a two-pronged approach in order to identify their harassers. *See Malibu Media, LLC v. Doe*, No. 12 Cv. 2950, 2012 WL 5987854, *3 (S.D.N.Y Nov. 30, 2012) (finding that without discovery, case could not proceed).

4

### B. The Discovery Is Narrowly Tailored to Identify the Defendants.

Plaintiffs are specifically tailoring their document requests to identify the defendants. Plaintiffs are aware of the burdens that third party subpoenas impose on third parties, and understands that Fed. R. Civ. P. 45 requires that Plaintiffs spare third parties from undue burdens. Plaintiffs are willing to work with the third party witnesses to prepare search protocols with narrow search terms such that the third parties can streamline their reviews. Plaintiffs are also willing to work with third parties on dates for depositions and document productions again to ease the burden. Finally, Plaintiffs only seek discovery into communications that refer or relate to the Plaintiffs', their law firms, and the term "arreglar sin salir," and for the limited time period that is relevant in the Complaint. Because the pre-Rule 26(f) Conference discovery is limited in scope and aimed at identifying the Doe Defendants, the Court should find good cause exists, and grant Plaintiffs' requests.

### Conclusion

There is good cause for granting the Plaintiffs' request. The need for this discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party, because there is no responding party, and Plaintiffs cannot proceed with their claim without this discovery. *See Arista Records,* 2007 WL 5254326 at *2. For all of the reasons identified above, Plaintiffs respectfully request the Court grant Plaintiffs' Motion for Expedited Ruling Allowing Limited Document Discovery in Conjunction with Permitted Depositions.

Date: October 13, 2022                    Respectfully submitted,

                                                         /s/ Kirsten R. Fraser
                                                        Shawn J. Organ (0042052)
                                                        *Trial Attorney*
                                                        Kirsten R. Fraser (0093951)
                                                        Ashley T. Merino (0096853)
                                                        Organ Law LLP

        1330 Dublin Road
        Columbus, Ohio  43215
        614.481.0900
        614.481.0904 (f)
        sjorgan@organlegal.com
        kfraser@organlegal.com
        amerino@organlegal.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 13, 2022, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system and was served on all counsel of record.

/s/ Kirsten R. Fraser
*Attorney for Plaintiffs*
