IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| LOZANO ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> JOHN DOES I-X; JANE DOES I-X; ABC PARTNERSHIPS I-X; DEF LIMITED LIABILITY COMPANIES I-X; AND XYZ CORPORATIONS; <br><br> Defendants. | Case No. 2:22-cv-03089 |

**PLAINTIFFS' EXHIBIT A**

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| Lozano, et al. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:22-cv-03089 |
| John Does I-X, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Jennifer Scarborough
905 E. Jim Hogg Ave., Harlingen, TX 78550-5021
*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Bryant & Stingley<br>2010 E. Harrison<br>Harlingen, TX 78550 | Date and Time:<br>09/12/2022 10:00 am |
|---|---|

The deposition will be recorded by this method: Stenographic and videotape

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Exhibit A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/22/2022

*CLERK OF COURT*

OR

_____      _____
*Signature of Clerk or Deputy Clerk*                 *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Lozano, et al.
_____, who issues or requests this subpoena, are:
Kirsten Fraser, Organ Law LLP, 1330 Dublin Rd., Columbus, OH 43205, kfraser@organlegal.com, 614-869-3221

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 2:22-cv-03089

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

For purposes of this Subpoena, the following definitions and instructions shall apply:

1. "Communication(s)" means the transmittal, receipt, disclosure, transfer or exchange of information by any means, and includes any transfer of information, ideas, opinions, or thoughts by any means, written, oral, electronic, or otherwise, at any time or place under any circumstances and includes, without limitation, any meeting, conversation, telephone call, letter, e-mail, telegram, dialogues, discussions, interviews, consultations, agreements, or transfer of document of any kind whatsoever.  The definition is not limited to transfers between persons, but also includes other transfers, such as records and memoranda to file, any written letter, memorandum or other document that was sent by one or more individuals to another or others; any telephone call between one or more individuals and another or others, whether such call was by chance or prearranged, formal or informal; and any conversation or meeting between one or more individuals and another, whether such contact was by chance or prearranged, formal or informal.

2. "Concerning," "Regarding," "Referring," or "Related" includes, without limitation: referring to, relating to, regarding, describing, evidencing, embodying, constituting, containing, commenting, identifying, comprising, reflecting, discussing, commenting upon, monitoring, modifying, contradicting, quoting, analyzing, criticizing, describing, creating or maintaining, bearing upon, or deriving or arising from.

3. "Document" and "Documents" shall be construed as broadly as possible and shall mean or refer to all written, typed, printed, recorded or graphic material of any kind, regardless

1

of form or medium, including originals, copies and preliminary and final drafts thereof, whether printed or reproduced by any process, or written or produced by hand, or stored in, maintained on or accessible through computers, disk drives, electronically stored information ("ESI"), magnetic or hard disk or optical storage media as an "active" file or files, electronic files saved as a backup, social networking sites, Webpages, the Cloud, or any other electronic storage media or other information storage or retrieval systems, including without limitation program files, data files and date compilations from which information can be obtained (translated, if necessary, by You, into a reasonably useable form), together with the codes or programming instructions and other materials necessary to understand and use such systems. "Document" and "Documents" also shall include without limitation any "deleted" but recoverable electronic files on said media, any electronic file fragments, any slack, and/or any metadata. Electronic mail is included within the definition of the term "Document." "Document" and "Documents," whether or not claimed to be privileged, confidential or otherwise excludable from discovery, shall include but in no way shall be limited to notes, letters, correspondence, communications, e-mail messages and attachments, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or meetings, diaries, reports, laboratory and research reports and notebooks, recorded experiments, charts, plans, drawings, diagrams, schematic diagrams, HTML, HDL, Verilog, or other computer code, illustrations, product descriptions, produce analyses, requests for proposals, documents related to proposed or actual product improvements or changes, users manuals or guides, installation guides or manuals, technical descriptions or specifications, product repair manuals or guides, photographs, video images, software flow charts or descriptions or specifications, product functional descriptions or specifications, minutes or records of meetings, summaries of interviews, reports, or

2

investigations, opinions or reports of consultants, reports of patent searches, patent appraisals, opinions of counsel, agreements, reports or summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts of documents, and all other materials fixed in a tangible medium of whatever kind known to You or in Your Possession, Custody, or Control.  The terms "writings," "recordings," and "photographs" are synonymous in meaning and equal in scope to the usage of the term Documents.  A draft or non-identical copy is a separate document within the meaning of the term "Document."

      4.      "Including" or "includes" means including, but not limited to.

      5.      "Information" shall include individual Documents and records (including associated metadata) whether on paper, film, or other media, as discrete files stored electronically, optically, or magnetically, or as a record within a database, archive, or container file, including emails, messages, word processed Documents, digital presentations, spreadsheets, and database content.

      6.      "Lozano" shall refer to Plaintiff Alexandra Lozano, as well as any person or persons acting on her behalf, including, but not limited to, legal counsel, accountants, or any other advisors.

      7.      "Alexandra Lozano Immigration Law" shall refer to Alexandra Lozano Immigration Law PLLC, and includes and all of its employees, agents, and/or representatives, including attorneys, accountants, investigators, contractors, consultants, experts, and/or any other persons or entities affiliated with Alexandra Lozano Immigration Law.

8. "Lisinski" shall refer to Plaintiff Angelyne Lisinski, as well as any person or persons acting on her behalf, including, but not limited to, legal counsel, accountants, or any other advisors.

9. "Lisinski Law" shall refer to The Lisinski Law Firm, LLC, and all of its employees, agents, and/or representatives, including attorneys, accountants, investigators, contractors, consultants, experts, and/or any other persons or entities affiliated with Lisinski Law.

10. "Fantacci" shall refer to Plaintiff Giulia Fantacci, as well as any person or persons acting on her behalf, including, but not limited to, legal counsel, accountants, or any other advisors.

11. "GF Immigration" shall refer to GF Immigration Law, PA, and all of its employees, agents, and/or representatives, including attorneys, accountants, investigators, contractors, consultants, experts, and/or any other persons or entities affiliated with GF Immigration.

12. "Possession," "Custody," or "Control" includes the joint or several possession, custody or control not only by the person to whom these requests are addressed, but also the joint or several Possession, Custody or Control by each or any other person acting or purporting to act on behalf of the person, whether as employee, attorney, accountant, agent, sponsor, spokesman, or otherwise.

13. "You," shall mean Jennifer Scarborough as well as any person or persons acting on her behalf, including, but not limited to, legal counsel, accountants, or any other advisors.

4

14. The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all responses that might otherwise fall outside the scope of this request.

15. The terms "all," "any," or "each" encompass any and all of the matters discussed.

16. The use of singular form includes plural, and vice versa.

17. The use of present tense includes past tense, and vice versa.

18. Unless otherwise stated, the relevant time period is June 2020 to the present.

19. ***Please note that you are required to bring to the deposition all responsive materials in your possession or control, even if such materials are currently in an electronic format, including text messages, social media messages, social media posts, or emails.  We will accept printed out copies of emails, printed screenshots of text messages, and printed screenshots of social media messages and posts at the deposition (though you are under a legal obligation to prevent the destruction of such materials as they are kept in electronic form, and we reserve the right to request such materials in electronic format with metadata in the future)***

## REQUESTED DOCUMENTS TO BE PRODUCED

1. All documents and/or communications, including texts messages and social media posts, referring or related to Lozano and/or Alexandra Lozano Immigration Law.

2. All documents and/or communications, including texts messages and social media posts, referring or related to Lisinski and/or Lisinski Law.

3. All documents and/or communications, including texts messages and social media posts, referring or related to Fantacci and/or GF Immigration.

4. All documents and/or communications, including text messages, referring or related to the phrase "arreglar sin salir."