# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

ALEXANDRA LOZANO, et al.,

    Plaintiffs,

v.                                           Civil Action 2:22-cv-3089
                                            Chief Judge Algenon L. Marbley
                                            Magistrate Judge Kimberly A. Jolson

JOHN DOES I–X, et al.,

    Defendants,

## ORDER

This matter is before the Court on Plaintiffs' Motion for Expedited Ruling Allowing Limited Document Discovery in Conjunction with Permitted Depositions (Doc. 9). For the following reasons, the Motion is **DENIED without prejudice**.

Plaintiffs are immigration attorneys who bring this suit against unknown Defendants, whom they say engaged in a defamation campaign against them on various internet platforms. (Doc. 2, ¶¶ 1–5, 10–72). Previously, the Court granted Plaintiffs leave to serve expedited discovery to: (1) request from the internet platforms only the identifying information of users who reported their content, left false reviews, and created imposter accounts; and (2) engage in depositions of individuals suspected of being involved in the campaign, but only to determine the extent of those individuals' knowledge regarding the defamatory campaign, and their knowledge of the defamers' identities. (Doc. 5 at 3). Now, Plaintiffs ask the Court to extend its ruling to allow document requests to be served in conjunction with subpoenas for depositions. (Doc. 9 at 3). Particularly, they look to subpoena third-party communications over platforms like Facebook to identify suspected Defendants. (*Id.* at 4).

The Court appreciates Plaintiffs' position that these additional communications are

necessary to form a complete picture of the content of the alleged harassment and will help to identify further Defendants. Yet, the Court also finds that—using the means permitted by the Court's prior Order—Plaintiffs should be able to identify some of the Defendants to this action. Further, it is in the interest of justice that the Court hear Defendants' opposition, should there be any, before it rules on further discovery motions.

In sum, before the Court considers the expansion of expedited discovery, Plaintiffs must use the mechanisms already available to them to name some Defendants. If, after doing so, Plaintiffs still believe additional expedited discovery is necessary, they may refile their request. Accordingly, Plaintiffs' Motion (Doc. 9) is **DENIED without prejudice**.

IT IS SO ORDERED.


Date: October 24, 2022 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE